**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

March 2, 2015

<u>VIA ECF</u>
The Honorable Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:    Levy et al v. Rapid
       14 CV 3415 (ENV) (LB)

Dear Magistrate Judge Bloom:

I represent the Plaintiffs in the above referenced matter.  In addition, to the request made as a status report, I wish to file the within motion to conduct discovery prior to an ultimate entry of default judgment.

Defendant's failure to appear in this lawsuit is by choice, not by accident. It appears that the defendant's *modus operandi* may be to ignore class action complaints in order to avoid class liability.

The Defendant in this case in an effort to defeat the class action mechanism has failed to appear in this action.  I trust that the Defendant's entry of default will soon be entered yet prior to the a final judgment, the Plaintiff now seeks to subpoena class discovery.   In cases in which the District Courts have entered a default judgment against a defendant and no class has been certified, only named plaintiffs can recover damages. *See Partington v. Am Int'l Specialty Lines Ins. Co.,* 443 F.3d 334, 340 (4th Cir.2006) (holding that class members could not use a default judgment to establish the class was judgment creditors when the district court never formally certified the class); *Davis v. Hutchins,* 321 F.3d 641, 649 (7th Cir.2003) (holding that the district court improperly awarded class damages when no class had been certified)

The Plaintiffs would like to subpoena class discovery and then file a Motion for Class Certification prior to moving for default.  See *Whitaker v. Bennett Law, PLLC,* Case No. 13-cv-3145 (S.D. Cal. Oct. 27, 2014). (The court granted the Motion for Class Certification and stated "As a threshold matter, entry of default does not alter the Court's analysis for class certification. Certification under Rule 23 remains a necessary procedural requirement

in order for the class to recover damages…. In the present case, [the debt collector] has defaulted, but the Court has not yet entered default judgment against it. Therefore, the Court may consider the pending motion for class certification.")

Plaintiffs now seeks to have class discovery subpoenaed such that they can seek default judgment on behalf of all of the fellow class members. Plaintiffs will then seek to certify a Class in order to have the judgment entered on behalf of the certified Class.

Plaintiffs request to certify this class and move for default judgment on behalf of the class is justified and supported by case law and public policy. See *Whitaker v. Bennett Law, PLLC,* Case No. 13-cv-3145 (S.D. Cal. Oct. 27, 2014)

There is also persuasive precedent that will support Plaintiffs' request for default judgment on behalf of a class. See *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162 (2012). In the *Hester* case, Defendant answered and appeared in the class action alleged against it. However, through a series of flagrant discovery abuses, including disobeying multiple court orders to produce documents, the district court eventually granted terminating sanctions, striking defendant's answer and entering default judgment. *Id.* at 1168. Plaintiff had previously certified the class and therefore default judgment was entered on behalf of the class as a whole. *Id.* at 1166. The Ninth Circuit *affirmed* the district court's default judgment order, stating that the district court had made the appropriate findings to support its entry of default judgment.

Defendant has *elected* not to participate in this lawsuit despite Plaintiff's numerous proper notifications of the pending lawsuit. ***Plaintiff's rights, and those of their fellow class members, should not be impaired because Defendant has selected avoidance as its method to dodge adjudication on the merits of their claims.*** This would be a drastically unfair result to the Plaintiffs and to their fellow class members.

Unless the Class is certified before or when the judgment is entered, it will effectively be a judgment only on behalf of Plaintiffs. Defendant should not be rewarded for its blatant tactics to avoid adjudication on the merits of Plaintiffs' claims simply by ignoring the Class action lawsuit – this cannot be the right result.

Plaintiff requests that the Court permit Plaintiff to subpoena class discovery prior to filling its class certification motion.

Yours faithfully,

/s/
Adam J. Fishbein

Cc:     Samuel Fields, Esq.