UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
ZALMAN LEVY ET AL.,

                Plaintiffs,                                  **ORDER**
                                                        **14 CV 3415 (ENV)(LB)**
   -against-

RAPID RECOVERY SOLUTION, INC.,

                Defendant.
---------------------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      On May 30, 2014, plaintiffs commenced an individual and putative class action under the Fair Debt Collection Practices Act ("FDCPA") against Rapid Recovery Solution, Inc. (ECF No. 1.) Defendant has failed to interpose a responsive pleading to plaintiff's complaint. In a letter dated March 2, 2015, plaintiffs' counsel moves for permission to subpoena class-related discovery and file a motion for class certification pursuant to Fed. R. Civ. P. 23 prior to moving for default on behalf of the individually named plaintiffs and the putative class.[1] (ECF No. 17).

      The Court has previously granted plaintiffs leave to conduct class discovery prior to moving for default. (ECF No. 8.) Plaintiffs' counsel served defendant with a subpoena to produce on October 1, 2014, to which defendant failed to respond. (ECF No. 10.) The October 1, 2014 subpoena was set aside after defendant's counsel appeared at a telephone status conference on December 3, 2014 and plaintiffs' counsel consented to extending defendant's time to answer until December 31, 2014. (ECF No. 13). On January 30, 2015, the Court extended defendant's time to respond to February 6, 2015, but defendant failed to respond.

      Plaintiffs' counsel cites primarily to <u>Whitaker v. Bennett Law, PLLC</u>, No. 13 CV 3145, 2014 WL 5454398 (S.D. Ca. Oct. 27, 2014), which does not support his request. While the Court

---

[1] The Court refers plaintiffs' counsel to Local Civil Rules 55.1 and 55.2 explaining the Court's default judgment procedure.

in Whitaker granted a motion for class certification prior to ruling on a motion for default, it did so without requiring class-related discovery. Id. at *4. However, in DeNicola v. Asset Recovery Solutions, LLC, No. CV 11-1192(LDW) (KTA), 2011 WL 2133811 (E.D.N.Y. May 20, 2011), the plaintiff was granted leave to pursue class-related discovery prior to filing a motion for default judgment in a FDCPA case. Here, as the Court previously granted plaintiffs' request for discovery prior to his moving for default judgment, plaintiffs' instant motion is granted.

Plaintiffs' counsel shall complete class discovery by May 18, 2015 and move for class certification by June 29, 2015. The Court shall not grant an extension without good cause. See Fed. R. Civ. P. 16(b)(4). Plaintiffs' counsel shall serve a copy of this Order on defendant and file proof of service on defendant forthwith.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 10, 2015
      Brooklyn, New York